## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: _____

UNIVERSAL GREENS CORP.,
a Florida Corporation d/b/a
UNIVERSAL GREENS and FLOWERS,

      Plaintiff,

vs.

UNIVERSAL FLOWERS, CORP.,
a Florida Corporation d/b/a
UNIVERSAL FLOWERS,

      Defendant.

_____/

### COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff UNIVERSAL GREENS CORP., a Florida corporation, d/b/a UNIVERSAL GREENS AND FLOWERS ("UNIVERSAL" or "Plaintiff"), sues Defendant UNIVERSAL FLOWERS, CORP., a Florida corporation, d/b/a UNIVERSAL FLOWERS ("UFC" or "Defendant"), and states as follows:

### I.      PARTIES

1.      Plaintiff UNIVERSAL is a Florida corporation with its headquarters and principal place of business located at 8899 N.W. 18th Terrace, Doral, Florida, 33172.

2.      Upon information and belief, Defendant UFC is a Florida corporation with its headquarters and principal place of business located at 9600 NW 38th Street, Suite 204, Miami, Florida, 33178.

## II.    JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331, 1338(a).  This Court has jurisdiction over Plaintiff's related common law claims under 28 U.S.C. § 1338(b) and jurisdiction over Plaintiff's Florida state law claims under the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4.      This Court has jurisdiction over Defendant in that Defendant's principal place of business is located in this judicial district, Defendant transacts business in this judicial district, and Defendant has committed tortious acts in this judicial district.

5.      Venue is proper in this district under 28 U.S.C. § 1391, because Defendant resides in this district, the claims arose in this district and a substantial part of the events giving rise to the claims in this action occurred in this district, and have had and will continue to have an effect in this district.

## III.    NATURE OF ACTION

6.      This is an action for injunctive relief, damages, and cancellation of Defendant's use of the trade name and/or service mark "Universal Flowers" based on Defendant's willful infringement of Plaintiff's trademark, service mark, and trade name "UNIVERSAL," "UNIVERSAL GREENS," and "UNIVERSAL GREENS AND FLOWERS" (hereinafter collectively referred to as "Plaintiff's Mark" or "Marks").  As set forth more particularly below, Defendant has infringed on Plaintiff's Mark by the willful, flagrant, and unauthorized use of Plaintiff's Mark while offering services similar or identical to those offered by Plaintiff UNIVERSAL, with the unlawful purpose and intention to create consumer confusion in the flowers and floral greens industry and relevant marketplace.

7.     Plaintiff UNIVERSAL seeks equitable and legal relief in this action for: (1) for trademark infringement and unfair competition in violation of Section 43(a) of the Federal Trademark Act of 1946 ("Lanham Act"), 15 U.S.C. § 1125(a); (2) for dilution of Plaintiff's Mark in violation of Section 495.151, Florida Statutes; (3) for common law unfair competition; and (4) for cancellation of Defendant's registration for the use of the service mark "Universal Flowers" pursuant to Section 495.101, Florida Statutes.

8.     Plaintiff  UNIVERSAL is further seeking a preliminary and permanent injunction, damages, profits, attorneys' fees, and costs against Defendant UFC for its willful and unlawful infringement on Plaintiff's Mark.

## IV.   <u>GENERAL ALLEGATIONS</u>

## <u>UNIVERSAL'S TRADEMARK RIGHTS</u>

9.     UNIVERSAL is a local, national, and international grower, importer and distributor of flowers and floral greens.  UNIVERSAL is a leading competitor and the "UNIVERSAL," "UNIVERSAL  GREENS," and/or "UNIVERSAL  GREENS  AND FLOWERS" names have become synonymous and associated with a forerunner in the flowers and floral greens industry throughout Florida, the United States, and internationally.

10.     UNIVERSAL, based out of Doral, Florida, has adopted the trademarks and service marks "UNIVERSAL," "UNIVERSAL GREENS," and "UNIVERSAL GREENS AND FLOWERS" since at least 1998, and has continuously used the Marks internationally and in interstate commerce in the flowers and floral greens industry.

Tew Cardenas LLP
Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 · 305-536-1112

11.     An example of Plaintiff's Mark and logo is accurately depicted below:





12.     UNIVERSAL began its operations in the state of Florida over 30 years ago in 1980 as Florida Greens.  Since that time, UNIVERSAL significantly expanded its geographic scope and territory, customer base, and line of products in the flowers and floral greens industry. As a result, UNIVERSAL now operates and conducts business internationally and throughout Florida and the United States.

13.     UNIVERSAL grows, imports, and distributes over 500 varieties of flowers, greens, and other floral novelties from over 10 different countries, including Guatemala, Costa Rica, France, Italy, Indonesia, Thailand, Colombia, Ecuador, Australia, and Holland.

14.     UNIVERSAL's sales and mass wholesale distribution of services and products, including but not limited to, varying species and different types of flowers, stems, branches and floral greens, now average approximately $900,000 per month.  In 2012 alone, UNIVERSAL

TEW CARDENAS LLP
Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 · 305-536-1112

grossed approximately $11 Million worth of sales from its combined dealings in Florida, across the United States and internationally.

15.     UNIVERSAL operates and maintains its website under the domain name universalgreens.net, and also owns the domain names universalgreensandflowers.net and universalgreensandflowers.com.  Through the universalgreens.net website, UNIVERSAL offers and  promotes its goods and services, creates a national and international recognition, and maintains a strong presence in the flowers and floral greens industry throughout the United States and internationally.

16.     UNIVERSAL's customer base includes local and international flowers and floral greens growers, distributors, wholesalers, retailers, event planners, and bouquet makers.

17.     Since its use of the Marks, UNIVERSAL has spent significant amounts of money advertising and promoting its name in the flowers and floral greens industry, not only locally and throughout Florida, but throughout the United States and internationally.

18.     As a result of UNIVERSAL's long-term use, advertisements, promotions, sales, and distribution of its products and services affixed and associated with the Marks, Plaintiff's Mark has become well known and acquired secondary meaning in the flowers and floral greens industry and consuming public in Florida, throughout the United States and internationally.

19.     Moreover, due to UNIVERSAL's significant investment and continuous use and promotion of the Marks, UNIVERSAL has established goodwill and consumer brand recognition within the flowers and floral greens industry in Florida, throughout the United States and internationally.

Tew Cardenas LLP
Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 · 305-536-1112

20.     Due to UNIVERSAL's long-term use, advertisements, promotions, sales and distributions of its products and services affixed and associated with the Marks, and because the Marks have become well known and acquired secondary meaning in the flowers and floral greens industry and consuming public in Florida, the United States, and internationally, UNIVERSAL has acquired common law rights over the Marks.

21.     In order to protect and maintain UNIVERSAL's customer relationships and reputation for providing exceptional and quality products and services in the flowers and floral greens industry, UNIVERSAL must enforce its rights under its Marks to protect the goodwill and brand recognition UNIVERSAL has developed over the last 30 years.   Moreover, UNIVERSAL must safe guard its common law rights associated with its Marks to prevent consumer confusion between UNIVERSAL and Defendant UFC, as well as dilution of its Marks, which have established goodwill and distinct recognition in the referenced geographical areas and territories.

## DEFENDANT UFC'S WILLFUL INFRINGEMENT AND CONDUCT

22.     Defendant UFC, like UNIVERSAL, is based out of Miami-Dade County, Florida. Upon information and belief, UFC is headed by its President, Vice President, Secretary, Treasurer, and sole-shareholder, Brenda Saavedra.  Pursuant to the Florida Department of State Division of Corporations, UFC was incorporated on April 11, 2011, and upon information and belief, has conducted business in this state, or otherwise, for under 2 years.  A copy of UFC's Articles of Incorporation are attached as "Exhibit A."

23.     Upon information and belief, UFC operates and represents itself to the general and consuming public and the flowers and floral greens industry under the name "Universal" or

Tew Cardenas LLP
Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 · 305-536-1112

"Universal Flowers."  However, despite UFC's corporate existence of less than two years, UFC claims it first used the name "Universal Flowers" on January 1, 2013, as stated on its Application for the Registration of a Trademark or Service Mark ("Application"), filed on February 5, 2013. A copy of the Application is attached as "Exhibit B."

24.     UFC, like UNIVERSAL, conducts and operates business in the flowers and floral greens industry.  Specifically, UFC promotes, represents, and advertises that it is involved in the sale, distribution, retail and wholesale of flowers and other floral greens.  Thus, UFC's services and products are so closely related, if not IDENTICAL, and intimately connected to the products and services offered and provided by UNIVERSAL in the same geographical territory and scope.

25.     UFC and UNIVERSAL are direct competitors in the flowers and floral greens industry, and UFC targets identical customers, vendors, retailers, and suppliers as does UNIVERSAL.  Furthermore, UFC's and UNIVERSAL's offices are located within extreme proximity of each other—approximately 2 miles apart—and both UFC and UNIVERSAL target the same consumer and vendor base in the flowers and floral greens industry located in the same geographical territory and scope.

26.     While Defendant UFC's company name is officially "Universal Flowers, Corp.," UFC refers to itself as and uses the name "Universal" and/or "Universal Flowers" during its course of business in South Florida, and upon information and belief, in other geographical locations and territories similar or identical to those as UNIVERSAL.

27.     An accurate depiction of a UFC's business card affixed with UFC's misappropriated trade name and logo, is attached as "Exhibit C."  The business card and the logo and trade name therein, serves as one of UFC's promotional and advertising materials, which is

likely to cause, and has caused, confusion in the marketplace and flowers and floral greens industry.

28.     UFC's use and reference of Plaintiff's Mark increases and undoubtedly creates the potential for confusion among consumers and dilution of UNIVERSAL's mark and brand within the flowers and floral greens industry and consuming public.

29.     Upon information and belief, UFC used Plaintiff's Mark and/or nearly identical name to promote its business by appropriating the goodwill built and developed by UNIVERSAL, who as stated, has been using this nearly identical corporate name for approximately 15 years in Florida, the United States, and internationally.  UFC knew or should have known of UNIVERSAL's use of this nearly identical trade name or service mark and nonetheless chose this name regardless of the fact that the names are nearly identical and thus confusion would likely and ultimately occur.

30.     UFC's use of the names "Universal" or "Universal Flowers," which are nearly identical to Plaintiff's Mark, is likely to, and has caused consumer confusion by suggesting that UNIVERSAL and UFC are one in the same, or that they are affiliated, sponsored by UNIVERSAL, licensed by UNIVERSAL, or suggest some other type of connection or association with UNIVERSAL.

31.     On multiple occasions, there has been actual confusion in the flowers and floral greens industry and marketplace concerning the mistaken affiliation, connection or association between UFC and UNIVERSAL.  For example:

      a.     On September 7, 2012, Lax Floral Import ("Lax"), a freight forwarder in the flowers and floral greens industry, sent two invoices and two emails to

UNIVERSAL employees regarding services purchased by UNIVERSAL from Lax.  UFC had no interest in or association with the referenced invoices and emails.  Despite such fact, Lax copied UFC, whose email address upon information and belief is universalflowerscorp@gmail.com, on the two emails and attached the corresponding invoices under the impeding belief that UNIVERSAL and UFC were associated or were one and the same.  A copy of the September 7, 2012 Emails and Invoices sent to UNIVERSAL and UFC are attached as "Composite Exhibit D."

b.  Subsequently, on September 10, 2012, UNIVERSAL and UFC were again both simultaneously sent invoices for items purchased by UNIVERSAL and not UFC. *Id.*  As in the September 7, 2012 above-referenced emails, UFC was also copied on such correspondence due to Lax's actual confusion as to whether UNIVERSAL and UFC were affiliated or were one and the same. *Id.*

c.  Further, on September 11, 2012, a fourth email was sent to both UNIVERSAL and UFC, concerning a matter strictly between UNIVERSAL and Lax, and not UFC.  As before, UFC was also copied by Lax on the September 11, 2012 email correspondence because Lax was confused as to the affiliation and/or connection between UNIVERSAL and UFC. *Id.*

d.  Lax is not the only player in the flowers and floral greens industry that has manifested and demonstrated signs of actual confusion between UNIVERSAL and UFC.  The ongoing consumer confusion between UNIVERSAL and UFC has spread internationally.   On March 6, 2013, C.I. Flores Campiña S.A.

Tew Cardenas LLP
Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 · 305-536-1112

("Campiña"), a Colombian based flowers and greens grower, sent an email with an attached invoice pertaining to UFC to UNIVERSAL.  The Campiña email and invoice are attached as "Exhibit E."  Based upon Campiña's actual confusion and/or belief that UNIVERSAL and UFC were affiliated, connected, or one and the same, Campiña sent UFC's invoice to three UNIVERSAL employees, expecting payment from UNIVERSAL rather than from UFC.

32.     As demonstrated by the multiple examples above, actual confusion currently exists in the flowers and floral greens industry and marketplace with respect to whether UNIVERSAL and UFC are one and the same, affiliated, associated, working for one another, and if their products and services derive from the same source.

33.     In addition to the actual confusion that exists and has been manifested in the flowers and floral greens industry, upon information and belief, UFC is delinquent on payments to its various creditors.  UFC's delinquencies and habit of untimely payment or non-payment damage UNIVERSAL's established goodwill and reputation in the marketplace and flowers and floral greens industry, to the extent that actual confusion exists, or is likely to ensue, due to UFC's unlawful misconduct and unauthorized use of Plaintiff's Mark.

34.     Further, upon information and belief, UFC had actual notice and knowledge of UNIVERSAL's use of the Marks prior to UFC's first use of Plaintiff's Mark, alone or in combination with other words or marks.  After actual confusion in the marketplace was manifested and made apparent, UNIVERSAL requested that UFC refrain from using and adopting Plaintiff's Mark.  UNIVERSAL's request was blatantly ignored and UFC continued,

continues, and will continue, to willfully, intentionally, and maliciously use Plaintiff's Mark without the authorization or consent of UNIVERSAL.

35.     Moreover, on January 16, 2013, through counsel, UNIVERSAL sent UFC a cease and desist demand concerning UFC's unauthorized use of Plaintiff's Mark.  A copy of the cease and desist letter sent to UFC is attached as "Exhibit F."  UFC blatantly ignored and disregarded UNIVERSAL's requests to cease its unauthorized use of Plaintiff's mark.

36.     Instead, with knowledge that actual confusion concerning UFC's use of Plaintiff's Mark existed in the marketplace and that UNIVERSAL sternly opposed UFC's use of its Marks and likeness, UFC submitted its trademark/service mark Application on February 5, 2013.

37.     Upon information and belief, UFC's unauthorized use of Plaintiff's Mark, alone or in combination with other words or marks, has caused or is likely to cause dilution of UNIVERSAL's Marks and diminish the distinctiveness of Plaintiff's Marks in the flowers and floral greens industry.

38.     Upon information and belief,  UFC's unauthorized use of Plaintiff's Mark, alone or in combination with other words or marks, has caused or is likely to cause confusion, mistake, and/or deceive customers and potential customers of the respective parties, that these entities are one and the same or as to some presumed but nonexistent affiliation, sponsorship, connection, or association of Defendant UFC with Plaintiff UNIVERSAL.

39.     UFC's unauthorized use of Plaintiff's Mark, alone or in combination with other words or marks, suggests to the consuming public and the flowers and floral greens industry that UFC is somehow affiliated, connected, associated, or sponsored by UNIVERSAL, or even that UFC and UNIVERSAL are one and the same company.

11

40.      UFC's unauthorized use of Plaintiff's Mark, alone or in combination with other words or marks, is likely to or has weakened the extensive and valuable reputation and goodwill of Plaintiff's Mark.

41.      Unless this Court restrains these acts of UFC, such acts will continue to cause irreparable injury to UNIVERSAL, the consuming public and the flowers and floral greens industry, for which there is no adequate remedy at law.

## V.      INJUNCTIVE RELIEF

42.      UNIVERSAL realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 41 as if fully set forth herein.

43.      As a direct and proximate result of UFC's unlawful acts, practices and conduct, UNIVERSAL has been and will continue to be damaged and injured, including damage to its reputation and goodwill, resulting in diminished goodwill and reputation, and causing irreparable damage to UNIVERSAL.

44.      UNIVERSAL has no adequate remedy at law because Plaintiff's Marks are unique and represent to the consuming public and the flowers and floral greens industry the identity, reputation, and goodwill of UNIVERSAL, such that damages alone cannot fully compensate UNIVERSAL for UFC's flagrant misconduct and unlawful infringement.

45.      Unless enjoined by this Court, UFC will continue to engage in the unlawful acts, practices and misconduct described in the Paragraphs above, causing irreparable damages and injury to UNIVERSAL.  The threat of future injury to UNIVERSAL's identity, reputation, and goodwill requires injunctive relief to stop UFC from engaging in the unlawful acts, practices and conduct mentioned, and to ameliorate and mitigate UNIVERSAL's injuries.

TEW CARDENAS LLP
Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 · 305-536-1112

46.     UNIVERSAL is likely to succeed on the merits of its claims in this action.

47.     UFC will not suffer material harm if an injunction is issued, as it is free to offer its products and services in the flowers and floral greens industry with a name or mark that is not confusingly similar to UNIVERSAL.

48.     Public interest favors the issuance of an injunction by this Court to stop UFC's violation of federal and state law caused by UFC's unlawful acts, practices and conduct complained of herein.

**COUNT I**
**FEDERAL TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION IN**
**VIOLATION OF 15 U.S.C. § 1125(a)**

49.     UNIVERSAL realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 48 as if fully set forth herein.

50.     UFC has adopted and commenced use of and misappropriated Plaintiff's Marks by using Plaintiff's Mark's as part of the names used by Defendant.  Since adoption of Plaintiff's Marks by Defendant, public confusion has arisen and is likely to continue as to the source, approval, origin and/or sponsorship of UFC's goods and services offered in the flowers and floral greens industry.

51.     UFC had actual knowledge of UNIVERSAL's ownership, continuous and widespread use of its Marks prior to the first adoption or use by UFC of the Marks.

52.     UFC has not obtained permission, authorization, or consent to use Plaintiff's Mark.  In fact, UNIVERSAL has contacted UFC directly through its President Saavedra and has requested that UFC cease and desist from further use of the Marks.   UFC continues the unauthorized use of Plaintiff's Marks.

13

53.     UFC's acts constitute infringement, unfair competition, false designation of origin and false or misleading descriptions or representations of fact in interstate commerce, fraud, or unfair or deceptive trade practices that are likely to cause confusion or mistake, or to deceive the public as to affiliation, connection, and/or association of UFC with UNIVERSAL, as well as to the origin, sponsorship or approval of the goods or services offered by UFC in the flowers and floral greens industry, in violation of 15 U.S.C. § 1125(a).

54.     As a direct and proximate result of UFC's acts, practices and conduct, UNIVERSAL has suffered and will continue to suffer injuries for which it is entitled to recover damages or other appropriate relief.

55.     UFC's acts were deliberate, intentional and willful, and were purposely designed to cause confusion on the part of the public as to affiliation, connection or association of UFC with UNIVERSAL, as well as confusion as to the origin, sponsorship or approval of UFC's goods and/or services in the flowers and floral greens industry with and by UNIVERSAL.  As a result, this is an "exceptional" case within the meaning of Section 35 of the Lanham Act, 15 U.S.C. § 1117, entitling UNIVERSAL to recovery of their reasonable attorneys' fees.

56.     UNIVERSAL has hired undersigned counsel to pursue this matter, has agreed, and is required to pay a reasonable fee for counsel's services rendered in this action.

## COUNT II
## FLORIDA DILUTION STATUTE IN VIOLATION OF FLA. STAT. §495.151

57.     UNIVERSAL realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 48 as if fully set forth herein.

Tew Cardenas LLP
Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 · 305-536-1112

58.     Plaintiff's Mark were both distinctive and famous in the State of Florida and were famous prior to UFC's use of the Marks in Florida.

59.     UFC's use of the Marks has caused or is likely to cause a likelihood of dilution of the distinctive quality of Plaintiff's Mark by blurring its unique quality.

60.     UFC's unauthorized use of Plaintiff's Mark without license or permission from UNIVERSAL, has caused or will cause injury to the business reputation of UNIVERSAL and is likely to continue to cause injury to the business reputation of UNIVERSAL pursuant to Fla. Stat. § 495.151.

61.     UFC's unauthorized use of Plaintiff's Mark has caused the dilution of the distinctive quality of Plaintiff's Mark and is likely to continue to cause dilution of the distinctive qualities of Plaintiff's Mark pursuant to Fla. Stat. § 495.151.

62.     UFC's dilution of Plaintiff's Mark has been willful and has caused and will continue to cause serious and irreparable injury to the reputation and goodwill of UNIVERSAL for which UNIVERSAL is without adequate remedy at law.

63.     As a direct and proximate result of UFC's actions, UNIVERSAL has been damaged, and is entitled to injunctive relief and to recover actual damages, costs, and reasonable attorneys' fees.

64.     UNIVERSAL has hired undersigned counsel to pursue this matter and has agreed and is required to pay a reasonable fee for counsel's services rendered in this action.

TEW CARDENAS LLP
Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 · 305-536-1112

## COUNT III
## COMMON LAW UNFAIR COMPETITION

65.     UNIVERSAL realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 48 as if fully set forth herein.

66.     Unfair competition occurs when business conduct is employed which is contrary to honest practices in industrial or commercial matters.

67.     UNIVERSAL and UFC are direct competitors in the flowers and floral greens industry within close geographic proximity of each other and target the same vendors and customer base.

68.     Prior to UFC's use of Plaintiff's Mark, UFC knew or should have known of UNIVERSAL's use of the Marks.  Despite such knowledge of UNIVERSAL's use of the Marks in the flowers and floral greens industry, UFC adopted the use of Plaintiff's Mark without authorization from UNIVERSAL as an attempt to deceive and/or confuse vendors and customers in the flowers and floral greens industry.

69.     UNIVERSAL's Marks are well-known and have acquired secondary meaning in the flowers and floral greens industry in Florida, the United States and internationally.  UFC has misappropriated valuable property rights of UNIVERSAL, is seeking to trade on the goodwill symbolized by Plaintiff's Mark, and is thereby likely to confuse and deceive members of the purchasing public regarding the origin, sponsorship, or approval of UFC's goods and services and related commercial activities.

Tew Cardenas LLP
Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 · 305-536-1112

70.     UFC's use of Plaintiff's Mark, alone or in combination with other words or marks, has caused or will likely cause confusion with respect to the origin of the parties' respective products and services unless enjoined.

71.     The aforementioned conduct by UFC constitutes unfair competition.

72.     UFC's acts of unfair competition will result in irreparable harm unless UFC is restrained by this Court.

73.     No legal remedy will fully redress the damage that would be done if Plaintiff's Mark continues to be used and not restrained by UFC.   Accordingly, UNIVERSAL has no adequate remedy at law and seeks preliminary and permanent injunctive relief against UFC from engaging in such unlawful conduct.

74.     UNIVERSAL seeks to recover monetary relief and damages to the extent UFC has used Plaintiff's Mark and caused damages.

**COUNT IV**
**CANCELLATION OF DEFENDANT'S REGISTRATION**
**PURSUANT TO FLA. STAT. § 495.101**

75.     UNIVERSAL realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 48 as if fully set forth herein.

76.     This is an action for cancellation of UFC's Florida trademark registration under Fla. Stat. §495.101.

77.     On February 5, 2013, UFC submitted the Application for the registration of trademark or service mark "Universal Flowers" in Florida.  *See* Exhibit B.

78.     The Application states that UFC first used the service mark "Universal Flowers" in trade and/or commerce on January 1, 2013.

TEW CARDENAS LLP
Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 · 305-536-1112

79.     UNIVERSAL has used its Marks in commerce for approximately 15 years in the State of Florida, throughout the United States, and internationally, well prior to the corporate existence of UFC and UFC's unlawful, intentional, and willful unauthorized use of the trade name or service mark "Universal Flowers," which is similar, if not identical to, Plaintiff's Mark.

80.     UNIVERSAL's Marks are well-known and have acquired secondary meaning in the flowers and floral greens industry in Florida, the United States and internationally.

81.     UFC adopted Plaintiff's Marks without UNIVERSAL's authorization or consent and with knowledge of UNIVERSAL's prior use of the Marks.  UFC further adopted Plaintiff's Mark  with the intent to appropriate the goodwill built and developed by UNIVERSAL over the last 15 years in the flowers and floral greens industry, as an attempt to unjustly derive sales in the flowers and floral greens industry from using Plaintiff's Mark through its promotions and advertising and by deceiving the consuming public that UFC is affiliated, connected, associated, or sponsored by UNIVERSAL, or that UFC and UNIVERSAL are one and the same company.

82.     Based on the foregoing, the Florida Department of State wrongfully granted UFC's Application, and UFC improperly and fraudulently attained Registration Number T13000000144 for the service mark "Universal Flowers" by making false representations concerning the ownership of the service mark "Universal Flowers."

83.     UFC is not the rightful owner of the trademark or service mark "Universal Flowers" as such name wrongfully, and without consent or authorization, infringes upon Plaintiff's Mark and creates the likelihood of confusion between UFC and UNIVERSAL in the flowers and floral greens industry and relevant marketplace.

TEW CARDENAS LLP
Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 · 305-536-1112

84.     On such grounds, or on any other grounds this Court finds reason for cancellation, UNIVERSAL is entitled to cancellation of UFC's Registration Number T13000000144 for the service mark "Universal Flowers."

## VI.     PRAYER FOR RELIEF

**WHEREFORE,** based on the foregoing, Plaintiff UNIVERSAL prays for the following relief:

1.     That this Court issue a preliminary and permanent injunction enjoining Defendant UFC, and all its agents, servants, employees, attorneys, heirs, successors, and assigns, and all persons acting in concert or participation with it who receive notice of this Court's order from:

   a.  Directly or indirectly using the designation and service mark UNIVERSAL and/or UNIVERSAL FLOWERS, or any other word or words spelled, arranged, or pronounced, or confusingly similar to Plaintiff's Mark, whether alone or as a part of a longer or composite identifier, (including but not limited to use in any advertising, invoices, stationery, directory listings, domain names, websites, internet metatags, keywords for internet search engines, post URL or forwarding commands, hyperlinks, and any other electronic and search terms) in commerce in connection with the activities of UFC, or in the rendering of services or the sale of goods related to those of UNIVERSAL;

   b.  Otherwise infringing on Plaintiff's Mark;

   c.  Advertising, marketing or selling any product or service in commerce or any internet domain name under the name or mark "UNIVERSAL" or "UNIVERSAL

Tew Cardenas LLP
Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 · 305-536-1112

FLOWERS," or any phrases which are spelled, arranged or pronounced similarly to those phrases;

d.  Competing unfairly with UNIVERSAL through the use of any word, symbol or device that is confusingly similar to Plaintiff's Mark;

e.  Passing off any of UFC's goods or services as those of UNIVERSAL;

f.  Engaging in any conduct that is calculated or likely to injure UNIVERSAL's reputation, or which might dilute the distinctive quality of Plaintiff's Mark;

g.  Engaging in any conduct likely to cause confusion or misunderstanding as to the source or sponsorship of UFC's goods and/or services; and

h.  Engaging in any conduct that is calculated or likely to cause confusion or misunderstanding as to UFC's affiliation, connection or association with UNIVERSAL.

2.     That the Defendant UFC be ordered forthwith to cease all advertising or promotion which includes use of Plaintiff's Mark, whether alone or as part of a longer or composite identifier.

3.     That Defendant UFC be ordered forthwith to notify all its vendors, distributors, customers, suppliers, or the like, that UFC is NOT affiliated, connected, associated, or sponsored by UNIVERSAL, and that UFC and UNIVERSAL are NOT one and the same company.

4.     That pursuant to Section 36 of the Lanham Act, 15 U.S.C. § 1118, UFC be directed to deliver to the Clerk of this Court for destruction all signs, advertisements, stationery, letterheads, invoices, and any and all other materials in the possession or under the control of UFC bearing the designation UNIVERSAL or UNIVERSAL FLOWERS, whether alone or as a

TEW CARDENAS LLP
Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 · 305-536-1112

part of a longer or composite identifier, or any other reproduction, counterfeit, copy or colorable imitation of Plaintiff's Mark, and all plates, molds, matrices, and other means for making or duplicating the same.

5.    That pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116, Defendant be directed to file with this Court and to serve on Plaintiff's counsel within ten (10) days after entry of the service of any injunction order, a written report, under oath, setting forth the manner in which Defendants has complied with the injunction order.

6.    That this Court order UFC, and those acting for UFC or on UFC's behalf, to recall all promotional and other materials in which they have used Plaintiff's Mark, whether alone or as a part of a longer or composite identifier, in connection with UFC's goods or services.

7.    That this Court order UFC forthwith to take any further steps found by this Court to be necessary and proper to clarify to the public that UFC has no affiliation with or connection to UNIVERSAL, and that Defendant does not have, nor has it ever had, rights in Plaintiff's Mark.

8.    That this Court order that the Florida Department of State cancel Defendant's Registration Number T13000000144 for the service mark "Universal Flowers" and find that:

      a.   Defendant UFC is not the owner of the service mark "Universal Flowers"; and

      b.   Registration Number T13000000144 was granted improperly; or

      c.   Order cancellation of Registration Number T13000000144 on any other ground(s).

9.    That this Court order transfer of all UFC's Domain Names and/or email addresses bearing the name "Universal" or "Universal Flowers," to UNIVERSAL, and permanently cease

any usage whatsoever of such Domain Names and/or email addresses bearing the name "Universal" or "Universal Flowers."

       10.    That this Court award UNIVERSAL judgment against UFC for:

       a.   All damages suffered by UNIVERSAL as a result of UFC's conduct complained of herein;

       b.   UFC's profits from its infringement of Plaintiff's Mark, and all statutory and enhanced damages to which UNIVERSAL is entitled under the Lanham Act and common law;

       c.   Additional compensation to UNIVERSAL of up to three (3) times the amount of UNIVERSAL's actual damages, pursuant to Section 495.141, Florida Statutes;

       d.   Reserve UNIVERSAL leave to amend this Complaint to assert a claim for punitive damages based upon a showing, proffered by evidence in the record, or a reasonable basis for recovery of punitive damages;

       e.   UNIVERSAL's attorney's fees and costs in this action to the extent provided for by law, or committed to the discretion of this Court; and

       f.   Such other, further, or different relief, whether legal or equitable, as this Court deems just and proper.

[Intentionally left in blank]

TEW CARDENAS LLP
Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 · 305-536-1112

DATED this 12th day of March, 2013.

Respectfully submitted,

**TEW CARDENAS LLP**
*Counsel for Plaintiff Universal*
*  Greens and Flowers*
The Four Seasons Tower
1441 Brickell Avenue, 15th Floor
Miami, Florida 33131-3407
Telephone:  305.536.1112
Facsimile:  305.536.1116

By: /s/ Jerry J. Campos
    **SPENCER TEW**
    Florida Bar No. 0537071
    st@tewlaw.com
    **JERRY J. CAMPOS**
    Florida Bar No. 084064
    jcampos@tewlaw.com

MIAMI:574939.1